IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CIONJA WEST,**<br><br>*Plaintiff,*<br><br>v.<br><br>**TRANSUNION LLC et al,**<br><br>*Defendants.* | **Case No. 2:23-cv-04051-JDW** |

### MEMORANDUM

To state a plausible claim, a plaintiff needs to identify the law that he alleges a defendant broke and provide some facts that state a violation of that law. Cionja West failed both steps in his Complaint. He tried to clarify his claims in response to a motion to dismiss that Experian Information Solutions, Inc. filed, but there's two problems. First, Mr. West can't amend or clarify his Complaint in response to a motion to dismiss; he has to file an amended complaint. Second, his clarifications identify statutory provisions that he thinks Experian violated, but he doesn't include any facts to demonstrate those violations. So, even if I considered his new allegations, he would come up short. Given the lack of factual detail, I will dismiss the Complaint. But given the lack of factual detail, I don't know if the claims are viable, so I will give him leave to amend the Complaint, except for one count that can't survive and that I'll dismiss with prejudice.

**I.      LEGAL STANDARD**

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). The court must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a plaintiff is proceeding *pro se*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

**II.     DISCUSSION**

Mr. West's Complaint does not include any facts that might establish that Experian violated the FCRA. Even construed liberally, it contains only conclusory assertions that he made written and verbal disputes about the accuracy or completeness of his credit report, that Experian does not "follow reasonable procedures" and did not have a "permissible purpose in creating the consumer report," and that Experian did not "investigate, or

delete, disputed information, and make proper changes in the allowed time of 30 days." (ECF No. 2 at ¶ 3.) The Complaint's lack of factual detail or citation to statutory provisions that he claims Experian violated means that his claims are not plausible, so I will dismiss it.

Mr. West's citation to various provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, does not save the Complaint, for two reasons. *First*, Mr. West can't amend his Complaint "by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quote omitted).

*Second*, even considering the additional information in Mr. West's responsive briefs, he has not stated a claim because there's still no factual detail. To be clear, each of the five provisions of the FCRA that Mr. West references requires factual support, as follows.[1]

- <u>15 U.S.C § 1681b</u>: The Third Circuit has not adopted elements to sustain a permissible purpose claim under § 1681b, but other jurisdictions require the following: (1) there was a consumer report within the meaning of the statute; (2) the defendant used or obtained it; and (3) the defendant did so without a permissible statutory purpose. *See*

---

[1] In his second response to the Motion to Dismiss, Mr. West claims that Experian engaged in "unauthorized data collection without my consent" and "sold my information to third parties." (ECF No. 23.) Mr. West has not identified any facts discussing what information Experian supposedly collected and sold, when the collection and sale occurred, to whom it sold the data, or how Experian lacked consent. It's also not clear what statutory provision Mr. West believes Experian violated.

3

*e.g.*, *Bickley v. Dish Network,* LLC, 751 F.3d 724, 728 (6th Cir. 2014). Mr. West does not allege that there was a report, that Experian obtained it, or that had an impermissible purpose.

- 15 U.S.C § 1681c(a)(4): Consumer reporting agencies ("CRAs") may not report '[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years." § 1681c(a)(4). To sustain a claim under § 1681c(a)(4), a plaintiff must allege facts showing (1) that there was a consumer report; (2) that the defendant included disputed accounts in a consumer report; and (3) that the disputed accounts were placed for collection or charged to profit and loss**.** Mr. West hasn't that Experian issued a report, that it included any disputed accounts, or that they had been placed for collection or charged to profit and loss.

- 15 U.S.C § 1681e(b): The FCRA requires CRAs to follow "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a reasonable procedures claim, a plaintiff must show that "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996). Mr. West hasn't identified

4

inaccurate information in his report, tied that inaccuracy to Experian's lack of reasonable procedures, or identified any resulting injury.

- 15 U.S.C § 1681i(a)(1)(A): If a consumer disputes the completeness or accuracy of information contained in his file, the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). As with § 1681e(b) claims, "[a] claim under 1681i will . . . fail if the consumer cannot show that the information in his or her file was inaccurate." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 212 (E.D. Pa. 2007). A plaintiff must also establish that (1) he disputed the accuracy of an item in his credit file, imposing a duty on the CRA to reinvestigate the information; and (2) the CRA's reasonable reinvestigation would lead to the discovery of the incorrect information. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 713 (3d Cir. 2010). Mr. West has not identified inaccurate information that Experian maintained in his file (he lists accounts, but doesn't say what was inaccurate about them) or asserted that Experian would have discovered that if it conducted a reasonable reinvestigation.

- 15 U.S.C § 1681s-2(b): This subsection places certain duties on those who furnish information to consumer reporting agencies, such as banks and other lenders. *See SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011). Experian is not a furnisher; it's a CRA. So Mr. West cannot maintain a claim under this provision.

5

Finally, Mr. West states in his Complaint that the defendants acted "negligently and/or willfully." (ECF No. 2 at ¶ 3.) The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. §§ 1681n, 1681o. To the extent that Mr. West believes that the defendants acted willfully regarding any of the above claims, a "willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms." *Seamans v. Temple Univ.*, 744 F.3d 853, 868 (3d Cir. 2014). Mr. West has not included any factual allegations to support an inference that Experian acted knowingly or with reckless disregard with respect to any of the violations he asserts.

## III.   CONCLUSION

Because Mr. West's Complaint is too vague and ambiguous to put Experian on notice of the claims against them, I must dismiss all allegations. I will dismiss the claims under Section 1681s-2(b with prejudice. For the remaining claims, I will give Mr. West leave to amend his Complaint if he can correct the defects I have noted. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

June 10, 2024